## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-37093 |
| 84 ENERGY, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| ANDREW KOLLAER, MPC 84 I, LLC, AND KOLCAP, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Adversary No. 25-_____ |
| 84 ENERGY, LLC, 84 ENERGY HOLDINGS, LLC, AND AARON SHIMEK, | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Andrew Kollaer, MPC 84 I, LLC, and Kolcap, LLC (collectively, the "Plaintiffs" or "Removing Parties"), by and through their undersigned counsel, file this Notice of Removal (the "Notice") of the civil action styled *Andrew Kollaer, MPC 84 I, LLC, and Kolcap, LLC v. 84 Energy, LLC, 84 Energy Holdings, LLC, and Aaron Shimek*, Cause No. 25-BC11B-0074 (the "State Court Action") pending in the Texas Business Court, Eleventh Division (the "State Court"), to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" or the "Court"), and, in support thereof, respectfully states as follows:

## THE PARTIES

1.     Plaintiff Andrew Kollaer is a natural person and is a resident of Harris County at 2000 Bering, Suite 703, Houston, Texas 77057.  He is represented by (i) David Leonard, Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056, (713) 986-7000 (dleonard@grayreed.com); and (ii) Michael W. Bishop and Emily F. Shanks, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, (214) 954-4135 (mbishop@grayreed.com; eshanks@grayreed.com).

2.     Plaintiff MPC 84 I, LLC is a limited liability company organized under the laws of the State of Texas and its principal place of business is in Harris County, Texas.  MPC 84 I, LLC's address is 2000 Bering, Suite 703, Houston, Texas 77057 and is represented by (i) David Leonard, Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056, (713) 986-7000 (dleonard@grayreed.com); and (ii) Michael W. Bishop and Emily F. Shanks, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, (214) 954-4135 (mbishop@grayreed.com; eshanks@grayreed.com).

3.     Plaintiff Kolcap, LLC is a limited liability company organized under the laws of the State of Texas and its principal place of business is in Harris County, Texas.  Kolcap, LLC's address is 2000 Bering, Suite 703, Houston, Texas 77057.  Kolcap, LLC is represented by (i) David Leonard, Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056, (713) 986-7000 (dleonard@grayreed.com); and (ii) Michael W. Bishop and Emily F. Shanks, 1601 Elm Street, Suite 4600, Dallas, Texas 75201, (214) 954-4135 (mbishop@grayreed.com; eshanks@grayreed.com).

4.     Defendant 84 Energy, LLC (the "Debtor") is a limited liability company organized under the laws of Texas, and its principal place of business is 1902 Winners Cir, Richmond, Texas

77406, in Fort Bend County. Its sole member and manager is Aaron Shimek.  It was previously served with process in the State Court Action through its registered agent, Aaron Shimek, 1902 Winners Cir., Richmond, Texas, 77406.  The Debtor is represented by (i) Simon W. Hendershot, III, Lacey L. Spears, Simon Hendershot, III, 1800 Bering Drive, Suite 600, Houston, Texas 77057, (713) 783-3110 (trey@hchlawyers.com; lspears@hchlawyers.com); and (ii) Richard L. Fuqua, Fuqua & Associates, PC 8558 Katy Freeway, Suite 119, Houston, Texas 77024 (713) 960-0277 (fuqua@fuqualegal.com).

5.      Defendant Aaron Shimek is a natural person and is a resident of Richmond, Fort Bend County, Texas.  Defendant Shimek was served with process in the State Court Action at 1902 Winners Cir, Richmond, Texas 77406.  Aaron Shimek is represented by Simon W. Hendershot, III, Lacey L. Spears, Simon Hendershot, III, 1800 Bering Drive, Suite 600, Houston, Texas 77057, (713) 783-3110 (trey@hchlawyers.com; lspears@hchlawyers.com).

6.      Defendant 84 Energy Holdings, LLC is a Texas limited liability company that was served in the State Court Action through its registered agent, Aaron Shimek, 1902 Winners Cir., Richmond, Texas, 77406.  84 Energy Holdings, LLC is represented by Simon W. Hendershot, III, Lacey L. Spears, Simon Hendershot, III, 1800 Bering Drive, Suite 600, Houston, Texas 77057, (713) 783-3110 (trey@hchlawyers.com; lspears@hchlawyers.com).

7.      Counter-Defendant MPC Conventional Management, LLC is a Texas limited liability company at 2000 Bering, Suite 703, Houston, Texas, 77057, and can be served through its registered agent Andrew Kollaer at 2000 Bering, Suite 703, Houston, Texas 77057.  No counsel has made an appearance for MPC Conventional Management, LLC in the State Court Action.

8.       Counter-Defendant MPC 84 I, LLC is a Texas limited liability company at 2000 Bering, Suite 703, Houston, Texas, 77057, and can be served through its registered agent Andrew Kollaer at 2000 Bering, Suite 703, Houston, Texas 77057.  No counsel has made an appearance for MPC 84 I, LLC in the State Court Action.

9.       Counter-Defendant The Karen Hanks 2015 Descendants Trust, LLC is a Texas limited liability company and can be served through its trustee Thomas O. Hanks at Route 1, Box 44A, Leesburg, Texas 75451.  No counsel has made an appearance for The Karen Hanks 2015 Descendants Trust, LLC in the State Court Action.

10.      Counter-Defendant 84 Basa 0224, LLC, is a Texas limited liability company at 675 Bering Drive, Suite 110, Houston, Texas 77057, and can be served through its registered agent TK Capitol Services LLC at 675 Bering Drive, Suite 110, Houston, Texas 77057.  84 Basa 0224, LLC is represented by (i) Charles C. Conrad, Elizabeth E. Klingensmith, Tony Guerino, Jonathan T. Sink, Marcus Manca, Pillsbury, 609 Main Street, Suite 2000, Houston, Texas 77002 (Liz.Klingensmith@pillsburylaw.com;                    Tony.Guerino@pillsburylaw.com; Jonathan.Sink@pillsburylaw.com; Marcus.Manca@pillsburylaw.com); (ii) Patrick E. Fitzmaurice, Pillsbury,      31      West      52nd      Street,      New      York,      NY      10019-6131 (patrick.fitzmaurice@pillsburylaw.com).

## **BACKGROUND**

### A.      **The State Court Action**

11.      On October 20, 2025, Plaintiff, Andrew Kollaer, filed his *Original Petition for Declaratory Relief* in the State Court Action.

12.     On November 24, 2025, Plaintiffs filed their *First Amended Petition for Declaratory Relief and Verified Application for Injunctive Relief* against 84 Energy and the other named defendants in the State Court Action.

13.     The State Court Action arises from disputes concerning the parties' respective rights and obligations under certain agreements and regarding certain business transactions relating to oil-and-gas assets located in Texas. In their *First Amended Petition*, which includes both direct and derivative claims, Plaintiffs seek declaratory and injunctive relief, as well as other remedies available under Texas law including injunctive relief related to certain operatorship rights, ownership and control over certain oil and gas leasehold interests.

### B.     The Bankruptcy Case

14.     84 Energy subsequently filed a voluntary petition for relief on November 25, 2025 under Chapter 11 of Title 11 of the United States Code in this Court, commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). Upon the filing of the Bankruptcy Case, all proceedings "related to" that case became subject to the jurisdiction of this Court under 28 U.S.C. § 1334(b).

### C.     The Purpose of Removal

15.     Because the State Court Action involves claims and issues that are "related to," and may constitute "core" matters within, the Bankruptcy Case, specifically concerning the property of the estate, contracts, and rights asserted by or against the Debtor and the other defendants, Plaintiffs file this Notice of Removal to transfer the State Court Action to this Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a) *et seq* of the Federal Rules of Bankruptcy Procedure (the ""Bankruptcy Rules") and rules 9027-1 and 9027-2 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

16.     Pursuant to Section X on Page 20 of the Court Procedures published by this Court (https://www.txs.uscourts.gov/sites/txs/files/Court_Procedures_November_1_2023.pdf)   ("Judge Rodriguez's Court Procedures"), attached are the following exhibits:

> **Exhibit 1** is a true and correct copy of the *Plaintiffs' Notice of Filing of Notice of Removal* that the Plaintiffs will simultaneously file in the State Court Action; and

> **Exhibit 2** is an index prepared in the format provided in Judge Rodriguez's Court Procedures.[1]

## BASIS FOR REMOVAL

17.     The State Court Action is a civil proceeding over which this Court has jurisdiction under 28 U.S.C. § 1334(b) because it arises in, arises under, or is related to the Chapter 11 bankruptcy case of the Debtor.

18.     The claims asserted in the State Court Action involve and implicate property of the estate, contractual and ownership rights concerning operatorship rights, oil and gas assets, and other matters directly affecting the administration of the Bankruptcy Case. Accordingly, the State Court Action constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2) or, alternatively, a proceeding "related to" a case under title 11.

19.     This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.  Bankruptcy Rule 9027 provides that, *inter alia,* a notice of removal may be filed within the longest of ninety (90) days after the order for relief in the bankruptcy case and thirty (30) days after entry of an order terminating the stay.  Plaintiffs hereby remove the State Court Action to this Court pursuant to 28 U.S.C. §1452 and Bankruptcy Rule 9027.

20.     Because this Court has jurisdiction over the subject matter of the State Court Action and because removal is authorized by law, the Removing Parties respectfully request that this Court

---

[1] In accordance with Bankruptcy Rule 9027(a) and Bankruptcy Local Rule 9027-1(b), all pleadings, process, orders and other filings in the State Court Action are filed herewith and attached hereto as **Exhibits 3 - 17**.

assume jurisdiction over the State Court Action and that all further proceedings be conducted in this Court pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

**BASIS FOR RELIEF**

21.     28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Because the United States District Court for the Southern District of Texas is the district where the State Court Action is pending, removal to this Court is proper.

22.     Bankruptcy Rule 9027 governs the procedure for removal of claims or causes of action "related to" bankruptcy cases. Under Rule 9027, this Notice of Removal had been timely filed.

23.     This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1334(b) because the claims and issues asserted therein are "related to" the bankruptcy case of the Debtor and will necessarily require interpretation and enforcement of rights and obligations affecting property of the Debtor's estate.

24.     Specifically, the State Court Action arises from disputes concerning contractual and property interests (or declaration of the lack thereof) in oil-and-gas assets, operatorship rights (if any) as described in the *Verified Amended Petition*, which constitute property of, or directly impact, the Debtor's estate. The relief sought by the Removing Parties, including declaratory and injunctive relief, affects the scope of the Debtor's rights and obligations and the administration of its estate under title 11. These matters therefore fall directly within the Court's "arising in" jurisdiction and its authority to regulate proceedings that bear upon the estate and the Debtor's operations.

25.     Further, to the extent the State Court Action requires interpretation or enforcement of the Debtor's prepetition contractual obligations, operatorship rights, property interests, or pending executory contracts, those issues constitute "core" proceedings under 28 U.S.C. § 157(b)(2), including matters "concerning the administration of the estate," "allowance or disallowance of claims," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship."

26.     All bankruptcy-related matters have been referred to the Bankruptcy Court by the District Court for the Southern District of Texas. *See In re: Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012). Accordingly, this Court may hear and determine the State Court Action as a core proceeding.

27.     Accordingly, because (i) the State Court Action raises core issues within this Court's "arising in" jurisdiction; (ii) the action directly affects the administration and property of the Debtor's estate; and (iii) the removal was timely and properly effectuated under applicable law, removal to this Court is proper pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

28.     In compliance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, a notice of removal will be filed with the clerk of this Court, along with every document filed in the State Court Action as required by Rule 9027 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

29.     Pursuant to Local Rule 9027-1, a copy of this Notice will be filed with the Clerk of the State Court promptly and served upon counsel in connection with this case.

30.     Pursuant to Bankruptcy Rule 9027(a)(1) and Local Rule 9027-2, the Plaintiffs, as the removing parties, consent to the entry of final orders or judgment by the Bankruptcy Court.

## **RESERVATION OF RIGHTS**

31.     Plaintiffs reserve all rights, claims, defenses, and remedies available to them under applicable law, including, without limitation, the right to seek further relief from this Court in connection with the State Court Action and to request any appropriate orders regarding costs or attorneys' fees incurred as a result of the removal or the conduct of any party.

32.     Plaintiffs further reserve the right to amend, modify, or supplement this Notice of Removal and to assert any additional jurisdictional or substantive grounds that may support removal or other relief. Nothing contained herein shall be construed as a waiver of any rights or defenses, including without limitation the right to challenge personal jurisdiction, venue, or service of process.

Respectfully submitted this 26th day of November, 2025.

**GRAY REED**

By: */s/ Micheal W. Bishop*

     Micheal W. Bishop
     Texas Bar No. 02354860
     Emily F. Shanks
     Texas Bar No. 24110350
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:      mbishop@grayreed.com
           eshanks@grayreed.com

-and-

**GRAY REED**

     David Leonard
     Texas Bar No. 24078847
     Jeremy Walter
     Texas Bar No. 24098572
     Daniel B. Howry
     Texas Bar No. 24130877
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7198
Email:      dleonard@grayreed.com
           jwalter@grayreed.com
           dhowry@grayreed.com

*Counsel for Plaintiffs Andrew Kollaer,*
*MPC 84 I, LLC, and Kolcap, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 26, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who are deemed to have consented to ECF electronic service. Service has also been made on the parties to the state court action and by electronic transmission to the following persons.

Simon W. Hendershot, III
Lacey L. Spears
HENDERSHOT COWART, P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
Email: rtey@hchlawyers.com
          lspears@hchlawyers.com

*Counsel for Defendants*

Pillsbury
Charles C. Conrad
Elizabeth E. Klingensmith
Tony Guerino
Jonathan T. Sink
Marcus Manca
609 Main Street, Suite 2000
Houston, Texas 77002
Telephone: 713-276-7600
Facsimile: 713-276-7673
Email:
Liz.Klingensmith@pillsburylaw.com
Tony.Guerino@pillsburylaw.com
Jonathan.Sink@pillsburylaw.com
Marcus.Manca@pillsburylaw.com

- and –

Patrick E. Fitzmaurice
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email:
patrick.fitzmaurice@pillsburylaw.com

*Counsel for Counter Defendant 84 Basa 0224, LLC*

Richard L. Fuqua, II
FUQUA & ASSOCIATES, PC
8558 Katy Freeway, Suite 119
Houston, TX 77024
Email: fuqua@fuqualegal.com

*Counsel for the Debtor*

*/s/ Micheal W. Bishop*
Micheal W. Bishop